# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **UNITED STATES OF AMERICA,** |
| v. |
| **BAE SYSTEMS plc,** |
| **Defendant.** |

Criminal No. 10-035 (JDB)

## ORDER

On March 1, 2010, the Court accepted a plea of guilty from defendant BAE Systems plc ("BAE") to a one-count information pursuant to Fed. R. Crim. P. 11(c)(1)(C), sentenced defendant to three years of probation, and included in the Judgment special conditions of probation requiring the engagement of a corporate monitor within 90 days for a period not to exceed three years from the date of sentencing. See Plea Agreement (ECF Doc. No. 8, filed Mar. 1, 2010); Judgment 1-3 (ECF Doc. No. 9, filed Mar. 2, 2010). Presently before the Court is defendant's motion for extension of the deadline for approval by the U.S. Department of Justice and engagement of a corporate monitor. The government nominally opposes defendant's motion, but has submitted a proposed alternative order that would modify the plea agreement and the Judgment to extend the deadline for engagement of a corporate monitor by 90 days with an accompanying 90-day extension of the maximum term of the monitor. A hearing on this matter was held on June 3, 2010.

As was explained at the hearing, the Court has determined that modification of the parties' plea agreement and the Judgment is improper at this stage of the proceedings. See Fed. R. Crim. P. 11(c)(1)(C); Fed. R. Crim. P. 35 and 36. However, under 18 U.S.C. § 3563(c) and Fed. R. Crim. P. 32.1(c) and (d), the Court retains the authority to modify the conditions of

probation in response to a change in circumstances.[1] See, e.g., United States v. Kress, 944 F.2d 155, 158 n.4 (3d Cir. 1991) (contrasting a motion to modify a "sentencing order" which is subject to strict deadlines and other limitations with "modifying conditions of probation when changing circumstances warrant it" under Rule 32.1); United States v. Howard, 2010 WL 770865, at *1 n.1 (W.D. Wash. Mar. 3, 2010) ("The court retains . . . its power and discretion to modify the terms of probation once imposed."). Hence, if circumstances arise after sentencing that warrant modification of a probation condition, the Court possesses the authority to modify that condition. See Howard, 2010 WL 770865, at *1; United States v. Pelletier, 382 F. Supp. 2d 160, 161 (D. Me. 2005) (modifying defendant's probation condition concerning restitution pursuant to 18 U.S.C. § 3563(c) and Fed. R. Crim. P. 32.1(c) where, inter alia, the victim had accepted partial restitution as satisfaction in full).

Here, the unexpected delay in engagement of a monitor constitutes such a relevant change in circumstance. Indeed, BAE necessarily agrees with this point insofar as it urges the Court to, in effect, modify the conditions of probation by granting a 90-day extension of the deadline for engaging a monitor -- a deadline set in the plea agreement and then incorporated into the Judgment. BAE disagrees, however, to the modification of other conditions of probation -- in particular, extension of the maximum term of engagement of the monitor by 90 days -- making the conclusory assertion that the latter condition is beyond the Court's authority under § 3563(c). But at the motions hearing, BAE offered no principled basis for drawing such a distinction

---

[1] 18 U.S.C. § 3563(c) states: "Modifications of Conditions. -- The court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation." Rule 32.1(c) in turn sets forth the procedure for modifying conditions of probation and Rule 32.1(d) reiterates that the Court's disposition of modification of probation issues is "governed by 18 U.S.C. § 3563 and § 3565 (probation) . . . ."

2

among the conditions of probation subject to modification by the Court.  Indeed, BAE took the odd position that the Court could modify the period for engaging a monitor and even the term of probation imposed, but not the maximum term of the monitor.  In the Court's view, that position is untenable.

BAE did propose, at one point, that when a Court accepts a plea agreement pursuant to Fed. R. Civ. P. 11(c)(1)(C), the Court forfeits its discretion to modify the conditions of probation based on post-sentencing events -- discretion that the Court otherwise possesses under 18 U.S.C. § 3563(c).  Of course, that argument would also defeat BAE's request to extend the 90-day deadline for engagement of a monitor.  In any event, BAE offered no legal authority to support this sweeping proposition, and the Court is aware of none.  Moreover, nothing in the plea agreement purports to strip the Court of its authority to act under § 3563(c), nor was that prospect even remotely suggested at the plea and sentencing hearing.

Accordingly, having found good cause to modify the conditions of probation, it is hereby

ORDERED that, pursuant to 18 U.S.C. § 3563(c) and Fed. R. Crim. P. 32.1(c) and (d), the conditions of defendant's probation are modified as follows: (a) the deadline for engagement of an independent corporate monitor is extended to and including August 30, 2010; and (b) the maximum term of the independent corporate monitor shall correspondingly be increased by 90 days -- that is, to a period not to exceed three years and 90 days from the date of sentencing.

/s/
JOHN D. BATES
United States District Judge

Date:  June 4, 2010